1 Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
2     A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
3 Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
4 email: baruchcohen@baruchcohenesq.com

5 *Attorney For Defendant Lisa Inserra*

6 UNITED STATES BANKRUPTCY COURT

7 SOUTHERN DISTRICT OF CALIFORNIA

8 SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:20-bk-10313-TA |
| DANIEL JAMES MALDONADO, | Adv. No. 8:20-ap-01172-TA |
| Debtor. | Hon. Theodor Albert |
| | Chapter 7 |
| RICHARD A MARSHACK, CHAPTER 7 TRUSTEE, | **ANSWER TO COMPLAINT FOR:** |
| Plaintiff. | • **TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542;** |
| vs. | • **FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 et seq;** |
| LISA INSERRA, | • **RECOVERY OF A PREFERENCE UNDER 11 USC § 550;** |
| Defendant. | • **PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** |
| | *Status Conference Hearing Date* |
| | Date: 3-4-2021
Time: 10:00AM
Place: 411 W Fourth St., Santa Ana, CA
Courtroom: 5B |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY**

**JUDGE, AND PLAINTIFF RICHARD A MARSHACK, CHAPTER 7 TRUSTEE OF THE**

**DANIEL JAMES MALDONADO NEVETT CHAPTER 7 BANKRUPTCY, AND TO HIS**

**ATTORNEY OF RECORD:**

1/12-4:24pm

1    COME NOW DEFENDANT LISA INSERRA (hereinafter the "Defendant") and in

2    answer to the *Complaint For: Turnover of Property Pursuant to 11 USC § 542; Fraudulent*

3    *Conveyance under 11 USC § 544 & California Civil Code § 3439 et Seq; Recovery of a*

4    *Preference under 11 USC § 550; & Preservation of the Transfer for the Benefit of the Estate*

5    *Pursuant to 11 USC § 551* (hereinafter the *"Complaint"*) of Plaintiff RICHARD A MARSHACK,

6    CHAPTER 7 TRUSTEE (hereinafter the "Plaintiff") of the DANIEL JAMES MALDONADO

7    NEVETT Chapter 7 bankruptcy (hereinafter the "Debtor"), Case No. 8:20-bk-10313-TA, admits,

8    denies and alleges as follows:

9    <u>TIMELINESS OF ANSWER</u>

10    Pursuant to this Court's Summons Issued on Defendant [Doc-2], the deadline for filing a

11    responsive pleading is 1-14-2021. Hence, this Answer is timely.

12    <u>PRELIMINARY POSITION OF DEFENDANT</u>

13    On or about 2-18-1998, the Debtor and Defendant were married.

14    On or about In December of 2017, Defendant discovered that as of 2017 the Debtor had

15    been using approximately $500,00.000 in community property funds to pay for porn, escorts and

16    and prostitutes (all validated by a forensic accountant, Michael D. Davis, of Davis Accounting).

17    There were various 'business trips' Dan would go on for the $8000 option. Unbeknownst to the

18    Defendant, to support his porn addiction and pay for escorts and hotels, the Debtor withdrew -

19    incurred - borrowed - approximately:

20    1.    **$102,683.00** in credit card charges for hotels and escorts.

21    2.    **$98,607.00** from Defendant's 401k retirement accounts;

22    3.    **$84,451.00** from Debtor's 401k retirement accounts;

23    4.    **$74,258.00** from the parties' bank accounts;

24    5.    **$60,000.00** in loans from the parties' banks;

25    6.    **$35,000.00** in loans against Debtor's 401k retirement accounts;

26    7.    **$25,000.00** from their daughter's earnings from her acting jobs;

27    8.    **$16,400.00** in wire transfers to escorts.

28    TOTAL: **<u>$496,399.00</u>**.

1/12-4:24pm

1   These figures do not include similar charges for escorts in 2015 and 2016. The Debtor's

2   escorts were $1,000.00 per hour, $2,000.00 for 3 hours, & $8,000.00 for 2 days and a night, which

3   the Debtor did frequently.

4   On or about 1-11-2018, Defendant commenced a divorce proceeding against the Debtor

5   entitled *Inserra vs Maldonado*, Orange County Case # 17D010419.

6   On or about 9-4-2018, the parties entered into a *Stipulation to Dissolution or Separation*

7   *Judgment*, that contained a *Marital Settlement Agreement* (hereinafter the "MSA") whereby all of

8   the Debtor's community property interests in the real property located at 26 Wellington Place,

9   Aliso Viejo, CA 92656 (hereinafter the "Property"), were awarded to the Defendant as her sole

10  and separate property (in exchange for the monies embezzled by the Debtor that he owed

11  Defendant).

12  The parties negotiated the settlement, that the Defendant would get the house - the

13  Debtor's half of the equity - as a form of repayment towards the monies that the Debtor

14  embezzled. In return, the Defendant gave up alimony, which was estimated to be $1,853 per

15  month for ten years (totaling $222,360.00). Additionally, as part of the settlement, the Debtor's

16  remaining retirement accounts were split 50/50, and his pension split 66/34 to cover the cost of the

17  taxes the Defendant would incur due to his early withdrawals from the Defendant's retirement

18  account. The parties would each be responsible for credit cards in their own name, which meant

19  that the Defendant was stuck with paying $30,000 in the Debtor's online porn charges.

20  The Property was originally purchased on or about August 2001 for $379,902.00. There

21  were subsequent encumbrances on the property of approximately $170,000.00 (leaving

22  approximately $209,902.00 in equity). The parties refinanced the Property in 9-2017, and the new

23  loan on the Property at that time was approximately $547,900.00.

24  At the time of the MSA, the Property was worth approximately $735,000.00 (similar

25  homes in the neighborhood were being sold for $735,000.00), and the encumbrances at that time

26  were approximately $539,235.00 (leaving approximately $195,765.00 in equity), which means

27  that as of the MSA, the value of the Debtor's transfer of the Property to Defendant was his 50%

28  share of the Property, or **$97,882.50**. That is the value of this lawsuit.

1      Given the above, at best, the Defendant received a mere $97,882.50 value from the

2    Transfer, which is much less than the $222,360.00 in alimony that he owed Defendant, and much

3    less than the $496,399.00 community property funds that the Debtor embezzled from Defendant to

4    pay for porn and prostitutes.

5      Additionally, at the time of the MSA, the Debtor was not insolvent, and the Transfer did

6    not render him insolvent. In 12-2018, the received approximately $219,000.00, in 2019 earned

7    approximately $140,000, plus commissions, and in 2020 earned approximately $415,000.00 plus

8    commissions. Since the Transfer, the Debtor earned approximately $774,000.00 and could have

9    paid the $228,457.55 in unsecured debt.

10   GENERAL DENIAL

11    Defendant generally denies each and every allegation of Plaintiff's *Complaint*.

12   SPECIFIC DENIALS

13      Answering paragraphs A, B, C, D, E, F, F1, F2, 1, 2, 3, 4, 6, 7, 15, 18, 22, of the

14   *Complaint*, Defendant admits the allegations contained therein.

15      Answering paragraphs F3, F4, F7, F9, 8, 10, 12, of the *Complaint*, Defendant denies

16   generally and specifically each and every allegation contained therein.

17      Answering paragraphs F5, F6, F8, F10, 9, 10, 11, 13, 16, 19, 20, 23, of the *Complaint*,

18   Defendant lacks information or belief sufficient to answer the allegations, and therefore denies

19   generally and specifically each and every allegation contained therein.

20   AFFIRMATIVE DEFENSES

21   FIRST AFFIRMATIVE DEFENSE

22      Defendant alleges that Plaintiff's *Complaint* is so vague, ambiguous, confusing and

23   convoluted that Defendant cannot reasonably be required to frame a responsive pleading to them.

24   SECOND AFFIRMATIVE DEFENSE

25      Defendant alleges that Plaintiff's *Complaint* failed to state facts sufficient to constitute a

26   cause of action against Defendant.

27   THIRD AFFIRMATIVE DEFENSE

28      First, there is no such code section California Civil Code § 3439(a)(1). Defendant alleges

1    that Plaintiff's cause of action for fraudulent conveyance under California Civil Code §

2    3439.04(a)(1)(2) is barred as against Defendant because the transfer of the Property to Defendant

3    was made in good faith, with no intent to hinder, delay, or defraud any creditor of the Debtor, who

4    was not engaged or was about to engage in a business or a transaction for which the remaining

5    assets of the Debtor were unreasonably small in relation to the business or transaction, and were

6    not intended to incur, or believed or reasonably should have believed that he would incur, debts

7    beyond his ability to pay as they became due.[1]

8                            FOURTH AFFIRMATIVE DEFENSE

9            Defendant alleges that Plaintiff's cause of action for fraudulent conveyance under

10    California Civil Code §3439.05 and *Mejia v. Reed* (2003) 31 Cal. 4th 657, 664, is barred as

11    against Defendant because the Debtor received reasonably equivalent value in exchange for the

12    transfer, and because the Transfer did not render the Debtor insolvent (thereby precluding a

13    constructive fraudulent transfer).[2]

14                             FIFTH AFFIRMATIVE DEFENSE

15            Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of

16    the Property under 11 U.S.C. § 550 is barred as against Defendant because she indeed received the

17    transfer of the Property in good faith and returned reasonably equivalent value (satisfaction or

18

19    _____

20    [1] **California Civil Code § 3439.04(a)(1)(2)** provides; (a) A transfer made or obligation
incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after

21    the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the
obligation as follows: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

22    (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and

23    the debtor either: (A) Was engaged or was about to engage in a business or a transaction for which
the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

24    (B) Intended to incur, or believed or reasonably should have believed that he or she would incur,
debts beyond his or her ability to pay as they became due.

25

26    [2] **California Civil Code § 3439.05** provides: (a) A transfer made or obligation incurred by a
debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation

27    was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably
equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time

28    or the debtor became insolvent as a result of the transfer or obligation.

1    securing of a present or antecedent debt) to the Debtor pursuant to 11 U.S.C. § 550(b)(1).[3]

2                               SIXTH AFFIRMATIVE DEFENSE

3         Defendant alleges that Plaintiff's causes of action for recovery of fraudulent transfers of

4    the Property under 11 U.S.C. § 542(a) is barred as against Defendant because the debt may be

5    offset under section 553 of this title against a claim against the debtor, pursuant to 11 U.S.C. §

6    542(b).[4]

7                             SEVENTH AFFIRMATIVE DEFENSE

8         To the extent Defendant returns any portion of the transfers, Defendant reserves the right

9    to file a Proof of Claim pursuant to 11 U.S.C. § 502(h) that provides: "A claim arising from the

10   recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be

11   allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e)

12   of this section, the same as if such claim had arisen before the date of the filing of the petition"

13   and *Busseto Foods, Inc. v. Laizure (In re Laizure)*, 548 F.3d 693, 696 (9th Cir. 2008) (citing *Verco*

14   *Indus. v. Spartan Plastics (In re Verco Indus.*), 704 F.2d 1134, 1139 (9th Cir. 1983)).

15        WHEREFORE, Defendant prays that the Court issue the following judgment:

16   1.    That the Plaintiff takes nothing by his *Complaint*, and that said *Complaint* be dismissed

17         with prejudice;

18   2.    The Court award Defendant costs and reasonable fees in an amount which will be

19         ascertained at trial.

20   3.    The Court sanction Plaintiff for filing and maintaining this frivolous lawsuit in an amount

21         which will be ascertained at trial; and

22   4.    For such other and further relief as the Court may deem just and proper.

23   _____

24        [3] **11 U.S.C. § 550(b)(1)** provides: (b)The trustee may not recover under section [1] (a)(2) of
     this section from (1) a transferee that takes for value, including satisfaction or securing of a present or
25   antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

26        [4] **11 U.S.C. § 542(b)** provides: (b)Except as provided in subsection (c) or (d) of this section,
27   an entity that owes a debt that is property of the estate and that is matured, payable on demand, or
     payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such
28   debt may be offset under section 553 of this title against a claim against the debtor.

1    DATED:         January 12, 2021          LAW OFFICE OF BARUCH C. COHEN
                                             A Professional Law Corporation

2
                                             By /S/ Baruch C. Cohen
3                                            Baruch C. Cohen, Esq.
                                             *Attorney For Defendant Lisa Inserra*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT FOR: TURNOVER OF PROPERTY PURSUANT TO 11 USC § 542; FRAUDULENT CONVEYANCE UNDER 11 USC § 544 & CALIFORNIA CIVIL CODE § 3439 ET SEQ; RECOVERY OF A PREFERENCE UNDER 11 USC § 550; & PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 USC § 551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/12/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen (DF)      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Anerio V Altman (PL)      LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 1/12/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/12/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Personal Delivery*
Hon. Theodor C. Albert, USBC, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 1/12/2021 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.